# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TEMSA ULAŞIM ARAÇLARI SANAYI VE TICARET A.Ş., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Civil Action No. _____ |
| CH BUS SALES LLC f/k/a CH TRADING COMPANY, | ) ) ) ) |
| Defendants. | ) |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant CH Bus Sales LLC f/k/a CH Trading Company ("Defendant"), by its undersigned counsel, hereby removes the civil action captioned *Temsa Ulaşim Araçlari Sanayi ve Ticaret A.Ş. v. CH Bus Sales LLC f/k/a CH Trading Company*, C.A. No. 2018-0261-SG filed on April 9, 2018 in the Delaware Court of Chancery (the "State Court Action") to this Court pursuant to 28 U.S.C. § 1446. Copies of the process and pleadings served on Defendant in the State Court Action, including a copy of the complaint (the "Complaint"), are attached as Exhibit A.

### Background

1. On April 9, 2018, Plaintiff Temsa Ulaşim Araçlari Sanayi ve Ticaret A.Ş. ("Plaintiff") commenced this action against Defendant in the Delaware Court of Chancery.

2. Defendant was served with the Complaint on April 11, 2018 and filed this notice of removal within the 30-day time period provided by 28 U.S.C. § 1446(b).

3. The claims set forth in the Complaint allegedly arise out of certain agreements entered into by the parties, including a Distribution Agreement entered into by the parties on February 2, 2010 and amendments thereto, as well as a Security Agreement entered into on January

5, 2016.  Specifically, the Complaint includes claims for (i) declaratory relief, (ii) specific performance, and (iii) imposition of a constructive trust.

### Basis for Removal

4. Removal is proper because there is complete diversity between the parties.  28 U.S.C. § 1332(a); 28 U.S.C. § 1441(b).  As set forth below, Plaintiff is a citizen of the Republic of Turkey, and Defendant is a citizen of the States of Nevada, Minnesota, and California.

5. Plaintiff is a foreign corporation organized under the laws of the Republic of Turkey.  Defendant is a limited liability company organized under the laws of the State of Delaware.  For purposes of diversity jurisdiction, federal courts look to the citizenship of an LLC's members to establish the citizenship of the LLC itself.  *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104-105 (3d Cir. 2015) (internal quotations omitted) (citizenship of LLC is determined by citizenship of its members). Defendant has five members, each of whom is an individual.  Those individuals are citizens of the following states: Nevada, Minnesota, and California.  Two members are citizens of Nevada, another two members are citizens of Minnesota, and the remaining member is a citizen of California.  Defendant is therefore a citizen of Nevada, Minnesota, and California.

6. The amount in controversy exceeds $75,000.  Plaintiff has sought equitable relief in the State Court Action, including injunctive and declaratory relief.  These types of requests are valued by looking to the value of the object of the litigation.  *BBDova, L.L.C. v. Auto. Techs., Inc.*, 2005 U.S. Dist. LEXIS 7451, at *7 (D. Del. Feb. 25, 2005) ("the Supreme Court has decided that when a complaint does not explicitly quantify the value of the remedy sought, such as when declaratory or injunctive relief is requested, the court must look elsewhere to determine the 'value of the object of the litigation.'"); *see also Barbiero v. Kaufman*, 580 Fed. App'x. 107, 110 (3d Cir.

2014) ("Where, as here, a plaintiff seeks injunctive relief, 'the amount in controversy is measured by the value of the right sought to be protected by the equitable relief.'").  Thus, "[t]he value of the object of the litigation is the amount in controversy." *BBDova*, 2005 U.S. Dist. LEXIS 7451, at *7.  Moreover, when seeking the imposition of a constructive trust, if the value of the rights to be impounded exceeds $75,000, such could be the basis for satisfying the amount in controversy. *Louis Dolente & Sons v. U.S. Fidelity & Guaranty Corp.*, 252 F. Supp. 2d 178, 180 (E.D. Pa. Mar. 24, 2003) (citing *Feldman v. New York Life Ins. Co.*, 1998 U.S. Dist. LEXIS 2301, n.2 (E.D. Pa. Mar. 14, 1998)).

      7.      Here, Plaintiff seeks injunctive and declaratory relief, as well as the imposition of a constructive trust relating to certain products and collateral, which include motor coaches and spare parts manufactured by Plaintiff.  Plaintiff's requested injunction seeks to enjoin Defendant from taking certain actions, including: (i) "Moving the Products and the Collateral from its current locations;" (ii) "Renting the Products and the Collateral to any party;" (iii) "Taking any action to detriment [sic] of the Property and the Collateral;" (iv) "Withholding proceeds from the sale of the Products and the Collateral;" and (v) "Taking any action to disparage, tarnish, or impugn Temsa's good will and professional reputation."  This relief is directed towards the alleged protection of the Products and Collateral.[1]  The declaratory relief sought is similarly geared towards the alleged protection and return of the Products and Collateral, as Plaintiff seeks declarations that, among other things (i) "Defendant is prohibited from using the Products and Collateral for any purpose without Temsa's written consent;" (ii) "Defendant is prohibited from moving the Products or Collateral from the locations designated in the Security Agreement or otherwise concealing the

---

[1] The capitalized terms "Products" and "Collateral" shall have the meanings ascribed to them in the Complaint.

existence and/or location of the Products and Collateral from Temsa;" and (iii) "Defendant is obligated to turn over the Products and Collateral to Temsa, or in the alternative, Temsa is authorized to compel turnover or recovery of the Products and the Collateral."

8. Thus, the Products and Collateral – which include motor coaches and spare parts manufactured by Plaintiff – are the objects of the litigation. Individually, each motor coach has a value exceeding $75,000. Plaintiff ultimately is seeking the return of multiple motor coaches to it and/or the imposition of a constructive trust over the Products and Collateral. Therefore, the amount in controversy in the litigation exceeds $75,000.

## The Procedural Requirements for Removal Are Met

9. Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441(b) and (c).

10. Copies of all pleadings, process, orders, and other filings in the State Court Action are attached to this notice as required by 28 U.S.C. § 1446(a).

11. Defendant will promptly file a copy of this notice of removal with the clerk of the Delaware Court of Chancery where the suit has been pending. *See* 28 U.S.C. §§ 1446(a), (d).

## Conclusion

12. Defendant asks that the Court remove this suit to the United States District Court for the District of Delaware pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

                                                **CHIPMAN BROWN CICERO & COLE, LLP**

                                                */s/ Gregory E. Stuhlman*
                                                Joseph B. Cicero (No. 4388)
                                                Gregory E. Stuhlman (No. 4765)
                                                Stephanie H. Dallaire (No. 5184)
                                                Hercules Plaza
                                                1313 North Market Street, Suite 5400
                                                Wilmington, DE 19801
                                                Telephone: (302) 295-0191
                                                Facsimile: (302) 295-0199

Dated: May 8, 2018                                *Attorneys for Defendant*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Temsa Ulasim Araclari Sanayi Ve Icaret A.S.

### DEFENDANTS
CH Bus Sales LLC f/k/a CH Trading Company

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
David A. White, Esq., Matthew J. Rifino, Esq., Philip D. Amoa, Esq., McCarter & English, LLP, Renaissance Center, 405 N. King St., Suite 800, Wilmington, Delaware 19801

Attorneys *(If Known)*
Joseph B. Cicero, Esq., Gregory E. Stuhlman, Esq., Stephanie H. Dallaire, Esq., Chipman Brown Cicero & Cole, LLP, 1313 N. Market St., Suite 5400, Wilmington, Delaware 19801, 302-295-0191

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☒ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Sections 1332, 1441(a) and 1446(a)

Brief description of cause:
Action in equity based on breach of contract

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 5/8/18
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____